IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RONALD L. RIDDLES,<br>　　　　*Plaintiff*, | §<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. 5:16-CV-00733-XR |
| | § | |
| WELLS FARGO HOME MORTGAGE,<br>　　　　*Defendant*. | §<br>§<br>§ | |

**ORDER**

On this day the Court considered Defendant's motion to dismiss. Docket no. 3. For the following reasons, the Court GRANTS the motion.

### I.　　Background

**A. Factual Background**[1]

On January 26, 2005, Plaintiff Ronald Riddles obtained a mortgage from Washington Mutual Bank, FA on his property located at 4968 Watering Trail Drive, San Antonio, Texas 78247. The mortgage originally secured a debt of $53,900.00. Docket no. 3, Ex. B at 2. In connection with the transaction, the Plaintiff executed a promissory note and deed of trust. *Id.* at Ex. A and B. Defendant Wells Fargo Home Mortgage now holds and owns Plaintiff's mortgage.

Plaintiff alleges his property was scheduled for foreclosure sale on March 1, 2016 but that he was not served with proper notice of the foreclosure sale because he never received a copy of a Notice of Sale providing for 21 day notice. Plaintiff further alleges he had been negotiating the balance of the loan with Defendant, that they had come to an agreement, but that Defendant ignored the agreement without providing notice to Plaintiff. Plaintiff concludes the acceleration of the note is not appropriate because Defendant failed to provide Plaintiff with

---

[1] The factual background is taken from the allegations in Plaintiff's complaint, and the attached exhibits.

1

proper notice of the foreclosure sale, a reason for ceasing to abide by the alleged agreement made during negotiations, and a notification that the agreement was no longer valid.

### B. Procedural Background

On March 1, 2016, Plaintiff filed suit in the 150th Judicial District Court of Bexar County, Texas. Plaintiff asserted causes of action against Defendant for wrongful foreclosure, breach of contract, and promissory estoppel and requested that the Court set aside the foreclosure. Finally, Plaintiff filed an application for a temporary restraining order to prevent Defendant from attempting to sell the property, which the district court granted.

On July 20, 2016, Defendant removed the action to this Court.[2] On August 9, 2016, Defendant moved to dismiss the case for failure to state a claim. Defendant argues the Texas statute of frauds prohibits the Court from enforcing the alleged oral agreement on the loan and thus Plaintiff's breach of contract claim is barred. Further, Defendant argues Plaintiff fails to allege sufficient facts to sustain a claim for promissory estoppel. Finally, Defendant asserts that Plaintiff's wrongful foreclosure claim is moot. Plaintiff did not respond to Defendant's motion.

## II.   Legal Standard

### A. Legal Standard for Deciding a Motion to Dismiss

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief must contain: (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to the relief"; and (3) "a demand for the relief sought." FED. R. CIV. P. 8(a). In considering a motion

---

[2] Plaintiff is a citizen of Texas, and the Defendant, for purposes of diversity jurisdiction, is a citizen of South Dakota. Additionally, the amount in controversy, based on the assessed value of the property in question, is $123,470.00. Docket no. 1, Ex. B.

to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed favorably to the plaintiff. *Fernandez-Montez v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). To survive a 12(b)(6) motion, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (2007).

### B. Documents that May Be Considered

The Supreme Court has held that in deciding a motion to dismiss, a court may consider documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The court may also consider any documents attached to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010); *see also Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010) (quoting *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003)) (holding that while the court generally must not go outside the pleadings, "the court may consider documents attached to a motion to dismiss that 'are referred to in the plaintiff's complaint and are central to the plaintiff's claim'"). The district court may also take judicial notice of matters of public record. *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011); *see also Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) ("[I]t is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record.").

In this case, Defendant attached Plaintiff's deed of trust to its motion to dismiss. This document is referenced in the complaint and provides the authority for Defendant to foreclose. Moreover, the deed of trust has been recorded and is a matter of public record. Finally, Plaintiff has not objected to Defendant's use of this document to establish the original amount of the

mortgage. For these reasons, the Court takes judicial notice of the deed of trust and will consider the document in ruling on Defendant's motion to dismiss.

### III.   Discussion

A. **Promissory Estoppel**

Although normally a defensive theory, promissory estoppel can be asserted as a cause of action where a promisor unjustly induces another to substantial action or inaction. *Martin-Janson v. JP Morgan Chase Bank, N.A.*, 536 Fed. Appx. 394, 398 (5th Cir. 2013); *see also Ford v. City State Bank of Palacios*, 44 S.W.3d 121, 138–40 (Tex. App.—Corpus Christi 2001, no pet.) "The requisites of promissory estoppel in Texas are: (1) a promise; (2) foreseeability of reliance thereon by the promisor; and (3) substantial reliance by the promisee to his detriment." *Ford*, 44 S.W.3d at 139 (citing *English v. Fischer*, 660 S.W.2d 521, 524 (Tex. 1983)). "However, as when promissory estoppel is used as a defense, if the underlying oral promise is barred by the statute of frauds, the plaintiff must show that the promisor promised to sign a written document that would satisfy the statute of frauds." *Ford*, 44 S.W.3d at 140.

In Texas, the statute of frauds requires that loan agreements in excess of $50,000 be in writing to be enforceable. TEX. BUS. & COM. CODE § 26.02; *see also Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 256 (5th Cir. 2013). The statute defines "loan agreements" to include:

> [O]ne or more promises, promissory notes, agreements, undertakings, security agreements, deeds of trust or other documents, or commitments, or any combination of those actions or documents, pursuant to which a financial institution loans or delays repayment of or agrees to loan or delay repayment of money, goods, or another thing of value or to otherwise extend credit or make a financial accommodation.

TEX. BUS. & COM. CODE § 26.02(a)(2). If a contract falls within the ambit of the statute of frauds, then "any subsequent oral modification to the contract" also falls within the ambit of the statute of frauds. *SP Terrace, L.P. v. Meritage Homes of Tex., LLC*, 334 S.W3d 275, 282 (Tex.

App.—Houston [1st Dist.] 2010, no pet.); *see Martins*, 722 F.3d at 256 ("An agreement regarding the transfer of the property or modification of a loan must . . . be in writing to be valid."). Moreover, "[a]n agreement to delay foreclosure is subject to the Texas statute of frauds, and, accordingly, must be in writing to be enforceable." *Milton v. U.S. Bank N.A.*, 508 F. App'x. 326, 328–29 (5th Cir. 2013).

Here, Plaintiff's mortgage is subject to the statute of frauds because it includes a loan agreement in the original amount of $53,900.00. *See* TEX. BUS. & COM. CODE § 26.02; *Martins*, 722 F.3d at 256; Docket no. 3, Ex. B at 2. Therefore, any modification of the loan or any agreement to postpone a foreclosure sale of the property secured by the loan would have to be in writing to be enforceable. *See Martin*, 722 F.3d at 256; *Milton*, 508 F. App'x at 328–29. Plaintiff, however, does not allege that the agreement made by Plaintiff and Defendant regarding the loan was written. Docket no. 1 at 9–12. Nor does he allege that Defendant promised to sign an agreement to modify the loan which would itself comply with the statute of frauds. *Id.* The statute of fraud thus bars enforcement of the alleged oral promise, and Defendant's motion to dismiss is granted as to Plaintiff's promissory estoppel claim.

### B. Breach of Contract

For similar reasons, Plaintiff's breach of contract claim is barred by the statute of frauds. As stated above, any modification of the loan would have to be in writing to be enforceable. *See Martin*, 722 F.3d at 256; *Milton*, 508 F. App'x at 328–29. The Court cannot enforce an agreement that the Plaintiff claims the Defendant ceased to honor, if the agreement was not in writing. Here, Plaintiff does not state the alleged agreement was put into writing. Thus, Defendant's motion to dismiss is granted as to Plaintiff's breach of contract claim.

### C. Wrongful Foreclosure

Plaintiff also asserts a cause of action for wrongful foreclosure and requests that "the Court set aside the foreclosure." Docket no. 1 at 11. His claim is based on the alleged oral agreement, and Defendant's failure to provide proper notice of the foreclosure sale.

In Texas, "[t]he elements of a wrongful foreclosure claim are: (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App.—Corpus Christi 2008, no pet.). A foreclosure sale may also be set aside as invalid if the notices required by Chapter 51 of the Texas Property Code are not properly and timely served. *See* TEX. PROP. CODE § 51.002(b), (d) (requiring a 20 day notice of mortgage default and right to cure and a 21 day notice of sale); *Savers Fed. Sav. & Loan Ass'n v. Reetz*, 888 F.2d 1497, 1501 n.6 (5th Cir. 1989) (recognizing that under Texas law "a sale without the required twenty-one days' notice is invalid or void"); *Ogden v. Gibraltar Sav. Ass'n*, 640 S.W.2d 232, 232–34 (Tex. 1982) (reversing a take-nothing judgment on a wrongful foreclosure claim on the basis that any attempted acceleration was ineffective because the mortgage did not give proper notice of its intent to accelerate).

Here, the Plaintiff alleges he did not receive a certified letter with 21 days' notice advising him of the foreclosure. Docket no. 1 at 10. Additionally, Plaintiff claims he had negotiated an agreement with Defendant regarding the loan. *Id.* Thus, Plaintiff argues "the acceleration of the note is not proper," and requests the court set aside the foreclosure on final hearing. *Id.* at 10–11. However, as explained above, the oral agreement is not legally enforceable under the statute of frauds. Further, it is undisputed that no foreclosure ever took place on March 1, 2016. Thus, any claim by Plaintiff that the foreclosure sale was wrongful is moot. *See Johnson v. Wells Fargo Bank, NA*, 999 F. Supp. 2d 919, 932 (N.D. Tex. 2014) (dismissing Plaintiff's

6

claim for wrongful foreclosure because no foreclosure had occurred at the time Plaintiff filed suit). Plaintiff has additionally failed to allege a defect in the foreclosure sale proceeding, a grossly inadequate selling price, or a causal connection between the defect and the grossly inadequate selling price. Accordingly, Plaintiff's claim for wrongful foreclosure should also be dismissed.

### D. Injunctive Relief

Plaintiff's request for an injunction, enjoining Defendant from "directly or indirectly selling or attempting to sell" Plaintiff's property, is denied as the request is not supported by a viable underlying cause of action. *See Anderson v. Jackson*, 556 F.3d 351, 360 (5th Cir. 2009); *See e.g. Von Scheele v. Wells Fargo Bank, N.A.*, SA-12-CV-00690-DAE, 2013 WL 5346710, at *6 (W.D. Tex. Sept. 23, 2013) (denying a plaintiff's request for injunctive relief where the defendant was granted summary judgment on all claims).

## IV.   Conclusion

For the foregoing reasons, Defendant's motion to dismiss (docket no. 3) is GRANTED.

Accordingly, Plaintiff's claims are DISMISSED WITH PREJUDICE. The Clerk is directed to enter final judgment pursuant to Rule 58 and to close this case. Defendant is awarded costs of court and may file a Bill of Costs pursuant to the Local Rule.

It is so ORDERED.

SIGNED on this 3rd day of October, 2016.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE